UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIE M. PICCOLO                                               CIVIL ACTION

VERSUS                                                         NO. 12-509

GERARD N. ALAIMO, ET AL.                                       SECTION "J" (3)

# REPORT AND RECOMMENDATION

*Pro se* plaintiff, Marie M. Piccolo, filed the above-captioned matter in this Court in which she sues defendants Gerard N. Alaimo, Pamela A. Alaimo, Brian C. Schmitt, Thomas M. Hill and Brian E. Williams. Plaintiff seeks $1 million in damages from defendants because they allegedly conspired to cause her harm, slandered and defamed her, and humiliated her and discredited her. [Doc. #1 at p. 8].

On February 27, 2012, the Court ordered plaintiff to show cause on or before April 2, 2012 why this lawsuit should not be dismissed for lack of subject-matter jurisdiction. That order was returned to the Court as undeliverable. This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

1

Local Rule 41.3.1. 35 days have passed, and plaintiff has failed to notify the Court of any address change. Plaintiff has thus failed to satisfy the rule to show cause. While this alone merits the dismissal of plaintiff's complaint, the Court addresses the complaint on the merits below.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the*

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

*claims do not lack merit on their face.*[2]

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3] Plaintiff alleges that federal jurisdiction exists under the diversity statute, 28 U.S.C. § 1332. [Doc. #1 at p. 2]. However, plaintiff notes in the first six paragraphs of her complaint that she and the five defendants are all citizens of the state of Louisiana. Accordingly, diversity jurisdiction under Section 1332 does not exist on the face of plaintiff's complaint.

Neither does jurisdiction exist under 28 U.S.C. § 1331 for plaintiff cites no federal statute under which her claims might arise. Indeed, plaintiff's litany of claims reveals no more than garden-variety state-law claims.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITH PREJUDICE.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge;

---

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of May, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**